IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JIMI P. MCDONALD,
Inmate No. 1269570,
        Plaintiff,

vs.                                    Case No.: 3:20cv3004/MCR/EMT

MICHAEL A. ADKINSON, JR., et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff commenced this civil rights action by filing a complaint under 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff also filed a motion to proceed in forma pauperis (ECF No. 2).  Upon review of Plaintiff's litigation history, the Court has discovered Plaintiff is a "three-striker"; he therefore cannot proceed with this action unless he pays the filing fee or demonstrates he is under imminent danger of serious physical injury, which he has failed to allege in his complaint.

According to 28 U.S.C. § 1915(g), a provision of the in forma pauperis statute,

[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing

fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice.   *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit).   The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury."   28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is subject to the three-strikes bar of § 1915(g), having had three (3) or more prior civil actions dismissed on the grounds they were frivolous, malicious or failed to state a claim upon which relief may be granted.   The court takes judicial notice of the following prior federal civil actions filed by Plaintiff, while a prisoner, that were dismissed as frivolous or malicious: *McDonald v. Adkinson*, No. 3:19cv1816/RV/EMT (N.D. Fla. Dec. 17, 2019) (dismissing Plaintiff's complaint as malicious pursuant to § 1915(e)(2)(B)(i)); *McDonald v. Howell*, No. 3:19cv4657/RV/EMT (N.D. Fla. Dec. 13, 2019) (dismissing Plaintiff's complaint as malicious pursuant to §§ 1915(e)(2)(B)(i) and 1915A(b)(1)); *McDonald v. White, et*

*al.*, No. 1:11cv2006 (N.D. Ill. Mar. 5, 2011) (dismissing Plaintiff's complaint as frivolous under § 1915A). Each of the cases identified by the court qualifies as a "strike" for purposes of § 1915(g). And all of these cases were dismissed prior to January 14, 2020, the date Plaintiff claims to have filed the instant action (*see* ECF No. 1 at 17). The issue, then, is whether Plaintiff has alleged imminent danger of serious physical injury.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; *Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (noting that "[t]his Court and several other circuits have concluded that the requisite imminent danger of serious physical injury

must exist at the time the complaint . . . is filed, not when the alleged wrongdoing

occurred" and that "the exception focuses on the risk that the conduct complained of

threatens continuing or future injury, not on whether the inmate deserves a remedy

for past misconduct").    The plaintiff must allege and provide "specific fact

allegations of ongoing serious physical injury, or a pattern of misconduct evidencing

the likelihood of imminent serious physical injury."    *Id.*    A claim by a prisoner that

he faced a past imminent danger is an insufficient basis to allow him to proceed in

forma pauperis pursuant to the imminent danger exception.    *Medberry v. Butler*,

185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he

faced imminent danger sometime in the past is an insufficient basis to allow him to

proceed in forma pauperis pursuant to the imminent danger exception to the

statute").

Plaintiff's allegations in the instant complaint plainly do not entitle him to

avoid the bar of § 1915(g), as they do not suggest in any way that he was under

imminent danger of serious physical injury at the time he filed his complaint.

Indeed, Plaintiff's complaint is based on various conditions of his confinement

stemming in part from his classification as a high risk inmate, including placement

in solitary confinement, lack of recreation and dayroom time, lack of access to a law

library and writing/mailing materials, denial of timely use of a bathroom and having

his hands cuffed behind his back during or while awaiting a legal visit, and lack of privacy, none of which even arguably poses an imminent danger of serious physical injury. Because Plaintiff did not pay the filing fee at the time he filed this action and has not alleged facts suggesting he was under imminent danger of serious physical injury, Plaintiff's complaint must be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be **DENIED**.

2. That this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 13th day of February 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** **A copy of objections shall be served upon all other parties.** **If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:20cv3004/MCR/EMT